(108 So. 136)

No. 25464.

**VILLASANA v. STIEBING.**

(Nov. 30, 1925.    On Rehearing, March 23, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Boundaries** ⬅27 — **Suit to have boundary line between plaintiff's and defendant's lots established held authorized where such line had never been established, judicially or otherwise (Civ. Code, art. 823).**

Where boundary lines between plaintiff's and defendant's lots had never been established judicially or otherwise, suit by plaintiff to have such line established is authorized by Civ. Code, art. 823.

2. **Boundaries** ⬅54(1)—**That first survey in suit to establish boundary line was illegal is not ground for complaint where another survey was made with formalities required by law.**

Where, in suit to have a boundary line established, surveyor appointed by court first made a survey without giving notice to parties interested, but thereafter made another sur-

vey, duly notifying parties, defendant cannot complain of illegality of first survey, where he was not shown to have been injured thereby.

3. **Boundaries** ⬅54(1)—**Failure of surveyor determining boundary line to call for title papers did not render survey illegal where surveyor was in possession of facts which would have been shown by title papers.**

That surveyor appointed by court in suit to establish boundary line between plaintiff's and defendant's lots did not call on parties for their respective title papers did not render survey illegal, where surveyor was in possession of all facts which could have been shown by title papers.

4. **Boundaries** ⬅54(1)—**Fixing of lines of separation by stakes and irons near corners of adjoining lots held in compliance with statute requiring lines to be marked by pickets stuck in ground (Civ. Code, art. 836).**

Where surveyor appointed by court in suit to establish boundary line between plaintiff's and defendant's lots fixed lines of separation by stakes and irons near corners of lots, Civ. Code, art. 836, requiring lines of separation to be marked by pickets stuck in ground for that purpose, was complied with.

5. **Adjoining landowners** ⬅9(1) — **Landowner suing to establish boundary line held not entitled to recover damages for refusal to remove encroaching building and fence.**

In suit to establish boundary line between plaintiff's and defendant's lots, plaintiff is not entitled to damages because defendant refused to remove building and fence on defendant's land alleged to encroach on plaintiff's lot where they were thereon when defendant acquired title, and especially as boundary line was undetermined and in dispute.

Appeal from Civil District Court, Parish of Orleans; Columbus Reid, Judge.

Action by Jose A. Villasana against Mrs. Wilhemina Stiebing, widow of Jacob Henry. Judgment for plaintiff, and defendant appeals. Affirmed.

C. J. Rivet, of New Orleans, for appellant.

Rene A. Viosca, of Hammond, and George Montgomery, of New Orleans, for appellee Villasana.

H. W. Robinson, of New Orleans, for appellee Crescent City Building & Homestead Association, Warranty.

THOMPSON, J. The parties to this suit are owners of adjoining lots situated in square No. 524 of the second district of this city. The square is bounded by Carrollton avenue, Toulouse, Orleans, and Pierce streets. Both parties trace title of their respective lots to a common author. The defendant owns lot 8, having acquired the same on April 16, 1917. The plaintiff owns lot 9, having acquired the same on December 5, 1919.

At the time the defendant bought lot 8 there was a building situated thereon and a fence which was supposed to mark the dividing line between the two lots. The plaintiff's lot was unimproved.

It does not appear that either party bought according to a survey or plat, or that the square was ever laid out in well-defined lots. So far as the record shows, the division line between the two lots here involved had never been established judicially or otherwise prior to this suit.

The purpose of this suit is to have the boundary line fixed by the court, it being alleged that the parties were unable to fix the line by consent.

It is true the petition alleges that the boundary line had been wrongfully established, but all of the allegations and the prayer of the petition taken together characterize the action as one of boundary pure and simple, and not an action to correct an erroneous boundary which had been fixed either by consent or according to the forms of law.

A surveyor was appointed by the court to inspect the premises and to make a survey of the lots and to establish their respective limits.

The survey was made after due notice to the parties and a procés verbal returned to the court.

The report of the surveyor shows that the line marked by the defendant's fence encroached upon the plaintiff's lot both on the front and in the rear to the extent as shown by the map attached to the procés verbal.

The surveyor further found that there was an apparent surplus of three feet in the square, and that a former owner of lot 8 had enlarged the said lot to that extent. A survey of the entire square, however, showed that there was no real and actual surplus in the square.

The apparent surplus had been caused by extending the building at the corner of Toulouse street and Carrollton avenue onto the street about two feet, and that the fences at the corner of Orleans street and Carrollton avenue were placed over and onto the street about one foot.

After a hearing the surveyor's report was approved and adopted, and the line established by the surveyor and indicated on his map was decreed to be the true boundary line between the two properties.

There does not appear to be any serious controversy as to the correctness of the line thus established. The survey is supported by the testimony of the party who made it under the order of the court and by another surveyor, Walter J. Seghers.

It seems also that, after the defendant had been advised that her fence encroached on the plaintiff's land, she caused an ex parte survey to be made by a surveyor employed by her, and that this survey corresponded substantially with the one made under the order of the court. The defendant did not produce this survey on the trial of the case, nor did she deny the fact that she caused it to be made, and that it showed the encroachment on the plaintiff's lot.

[1] One of the contentions made by defendant in brief is in effect that the plaintiff's action does not come within any of the causes enumerated in article 823, C. C.

That article provides that, when two estates or lands contiguous have never been separated or have never had their boundaries determined, or if the bounds which have been formerly fixed are no longer to be seen, each of the owners of the contiguous estates

has a right to compel the other to fix the limits of their respective properties.

The plaintiff's action falls clearly within the terms of this article of the Code, for, as we have already shown, the division line between the two properties had never been fixed either judicially or otherwise.

[2] Another contention is that the fixing of the line by the surveyor was not done with the formalities required by the law.

It appears that the surveyor first made a survey without giving notice to the parties in interest. On being advised that a survey made under such circumstances was not legal, the surveyor disregarded this first survey and made another in which the parties were duly notified.

The authority of the surveyor did not terminate with the illegal survey. His duty required him to do his work over and to make a survey in the manner required by law, and this was done. The defendant is therefore without cause for complaint at the action of the surveyor. She has not shown that she suffered any injury occasioned by the illegal survey which was followed by a regular survey after notice to her.

[3] It is further complained that the surveyor did not call on the parties for their respective title papers, and for this reason the survey was illegal.

The report and the evidence of the surveyor shows that he was acquainted with the square as laid out, and familiarized himself with the measurements and location of the lots by checking them with other surveys. He was in possession of all the facts which could have been shown by the title papers. The failure therefore to call for the titles did not affect or lessen the effect and efficacy and correctness of the survey.

[4] It is also contended that the surveyor did not mark his lines of separation by pickets stuck into the ground for that purpose as was required by article 836, C. C.

The report states that the survey was completed and the boundaries fixed by stakes and irons near the corners of said lots 8 and 9. This fully answers the requirements of the cited article of the Code.

[5] The plaintiff included in his action of boundary a demand for damages on account of the refusal of the defendant to remove a fence and building from plaintiff's lot after the defendant had been informed by the plaintiff that there was an error in the boundary line and that plaintiff intended to erect a building on his lot which he could not erect until defendant's fence and building was removed.

An exception of no cause of action was filed and overruled, but on the trial of the case, when the plaintiff offered to prove the damages, the court on objection by the defendant sustained the exception of no cause of action, and refused to hear the evidence.

We think the ruling was correct. The boundary line was undetermined and in dispute.

The fence and building were placed on plaintiff's lot by one of the authors of defendant's title, and at a time when such author was the owner of both lots.

The defendant under such circumstances, having acquired the lot with the fence and building already thereon, could not be held liable for damages resulting from the construction of the fence and building.

Nor could defendant be held liable for damages for not removing the fence and building until the disputed boundary line was finally judicially established.

We can find no sufficient reason for changing the judgment in any respect, and for the reasons assigned the said judgment is affirmed.

ST. PAUL, J., concurs in the decree.

### On Rehearing.

ROGERS, J. Defendant's application for a rehearing was inspired by her fear that our

former decree might be construed as determinative of the issue of the removal of her fence and building from plaintiff's lot. Her learned counsel earnestly argues that the paragraph in our opinion reading, "Nor could defendant be held liable for damages for not removing the fence and building until the disputed boundary line was finally judicially established," is open to misconception, and might lead to the conclusion that the question of removal, vel non, is res judicata, since the statement is made that the defendant is liable for damages after the judgment becomes final. We think that defendant is alarmed unnecessarily by the phraseology of the quoted paragraph. The language must be construed in connection with that which precedes it and with reference to our decree. When this is done, there ought not to be any doubt concerning the meaning of the opinion and the effect of the decree. However, we have no objection to state, if it will tend to clarify the situation, that our decree goes no further than to affirm the judgment of the court below, which only established the boundary line between the properties of the parties; and the defendant cannot be held in damages for not removing her fence and building until it is determined in a proper action that she is under obligation to do so.

With this explanation, our former decree is reinstated and made the final judgment of the court, reserving to the respective parties the right to apply for a rehearing.